**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2293

EMMANUEL ASANJI NGUFOR,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A97-203-899)

Submitted: July 26, 2006          Decided: August 14, 2006

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Danielle L.C. Beach-Oswald, NOTO & OSWALD, P.C., Washington, D.C.,
for Petitioner.   Rod J. Rosenstein, United States Attorney,
Richard C. Kay, Assistant United States Attorney, Baltimore,
Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Emmanuel Ngufor, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Ngufor challenges the Board's finding that his testimony was not credible and that he otherwise failed to meet his burden of proof to qualify for asylum. We will uphold a negative credibility determination if it is supported by substantial evidence, see Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), and reverse the Board's decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted).

We have reviewed the administrative record and the Board's decision and find that substantial evidence supports the adverse credibility finding and the ruling that Ngufor failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same).

Similarly, because Ngufor does not qualify for asylum, he is also ineligible for withholding of removal. <u>See</u> <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004). Finally, substantial evidence supports the finding that Ngufor fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). Ngufor failed to make the requisite showing.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>